Opinion by
Will-son, J.

(Transferred from Austin. J

§'310. Garnishment; deed of assignment not void because it reserves surplus to assignor. Appellant was garnished upon a judgment obtained by appellees against McCall & Hicks. He answered, that prior to the service of the garnishment upon him, McCall & Hicks had assigned to him all their property which was subject to execution, for the benefit of consenting creditors; that he had accepted the trust, had executed, etc., the required bond as assignee, and had taken possession of the property assigned; that there was in his hands $2,849.22, the proceeds of said property; that the aggregate of the claims of the consenting creditors amounted to $3,120. The deed of assignment was made a part of his answer. *268 It contained a provision as follows: “When said assignee has thus paid off and discharged all of such claims of such creditors for the benefit of whom this assignment is made, he shall pay over to us whatever surplus or money remains in his hands, if any. ” Appellees demurred specially to appellant’s answer, upon the ground that the deed. of assignment was fraudulent and void upon its face, because of the above quoted provision. The demurrer was sustained and judgment rendered against the garnishee. The deed of assignment was executed under the third section of the act of March 24, 1879 [it. S. Appendix, p. 5]. No other objection except the one presented by the special demurrer is urged against the deed, and it appears to be, in all respects, in accordance with the statute. The question presented by the special demurrer has been decided by our supreme court in the case of Keating v. Vaughn [Austin Term, 1884], In that case it was held that such a provision in a deed of assignment as the one above quoted did not render the deed void, or in any way affect its validity or operation, but that the provisions of the statute under which the deed was made controlled the matter. The case of Lawrence v. Norton, decided by the circuit court of the United States at Dallas, December, 1883, cited by counsel for appellees, holds a contrary doctrine, but. this court wifi follow the decision in Keating v. Vaughn, supra, regarding it as higher authority upon this question, and because we fully concur in its correctness.
October 11, 1884.
Reversed and remanded.